UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY P. DEL RIO, | ) | NO. CV 07-3089 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Anthony Del Rio filed this action on May 10, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the Magistrate Judge on June 13 and 15, 2007. On March 6, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court reverses in part the Commissioner's decision and remands for further proceedings consistent with this Opinion.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On February 4, 2005, Del Rio filed an application for disability insurance benefits, which was denied initially. A.R. 14, 31, 41-45. On June 15, 2005, Del Rio requested a hearing before an administrative law judge ("ALJ"). A.R. 38. On June 20, 2006, an ALJ conducted a hearing at which Del Rio and a vocational expert ("VE") testified. A.R. 210-241. On September 28, 2006, the ALJ issued a decision denying benefits. A.R. 14-20. On October 16, 2006, Del Rio requested review. A.R. 9-10. On March 20, 2007, the Appeals Council denied Del Rio's request for review. A.R. 4-6.

This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

///

# III.

# DISCUSSION

### A. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. The ALJ's Findings

Del Rio's severe impairment is "central retinal vein occlusion in the left eye, with remaining vision of 3/200." A.R. 19. Del Rio has the residual functional capacity to perform "at least a full range of medium work activity on a physical exertional basis." *Id.* "In addition, secondary to additional nonexertional functional restrictions due to visual dysfunction in the left eye, the claimant should avoid climbing lifts, ramps, or stairs." *Id.* "He would be incapable of employment requiring depth perception or good vision bilaterally." *Id.* Del Rio "has the residual functional capacity to perform a significant range of medium work." A.R. 20. Del Rio is unable to perform any of his past relevant work as a trucker. A.R. 19. However, he could perform the jobs of packer, auto detailer, and janitor. A.R. 20.

### C. Whether the ALJ Erred at Step Two

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration

///

requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[1] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen v. Chater*, 80 F.3d at 1273, 1290 (9th Cir. 1996) ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and internal quotations omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d

---

[1] Basic work activities include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; "[u]se of judgment"; "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).

4

at 1290 (citations omitted). The ALJ is also "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Id.* (citations omitted). The Commissioner does not consider age, education, and work experience. 20 C.F.R. § 404.1520(c).

At Step Two, the ALJ did not find that Del Rio had a severe mental impairment. A.R. 16, 17, 19. The ALJ found no evidence in the record of any "significant medical condition of . . . a mental nature which would more than minimally restrict the claimant's ability to perform basic work related activity." A.R. 17. Del Rio argues that the ALJ erred in his finding.

Even assuming without deciding that omission of a mental impairment constituted legal error at Step Two, such error was harmless. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Any prejudice to Del Rio could occur only in Step Five because all other steps were decided in his favor. *Id.* The RFC assessment takes into account limitations imposed by all impairments, even those that are not severe. *Id.* at 683 (citing SSR 96-8p).

In his RFC assessment, the ALJ found that the "record as a whole does not support the existence of any significant nonexertional mental functional limitations." A.R. 17, 19.

Substantial evidence supports the ALJ's finding. Del Rio argues that he was diagnosed by his internist, Dr. Usama Mitry, with generalized anxiety disorder and depression since March 2004.[2] JS 9. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citation omitted). As Del Rio concedes, Dr. Mitry did not identify any functional limitations from a mental impairment. JS 9. Dr. Mitry stated only that the permanent loss of vision in the

---

[2] The ALJ noted that "[a]lthough there is a brief mention of depression in a recent progress note, there is no indication of any treatment or follow-up for this condition." A.R. 17.

5

left eye "will interfere with his employment status." A.R. 177. Dr. Antoine Mitri (Del Rio's treating neurologist) submitted a "Multiple Impairments Questionnaire" dated August 26, 2005. A.R. 133-140. Dr. Mitri answered "no" in response to the question as to whether emotional factors contribute to the severity of your patient's symptoms and functional limitations. A.R. 138; *see also* A.R. 153.

Therefore, Del Rio's argument focuses on his testimony. At the hearing, the ALJ twice asked Del Rio why he did not look for work other than driving trucks. A.R. 215, 218. Del Rio's answer focused only on limitations caused by his vision. A.R. 215-216. "You, anything that I can imagine would require being able to have good vision." A.R. 218. Del Rio did not testify that a mental impairment prevents or limits him from working.[3]

Under these circumstances, the ALJ had no duty to develop the record with respect to functional limitations caused by a mental impairment. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460-61 (9th Cir. 2001) (citation omitted). The ALJ did not find that the evidence was ambiguous or inadequate. Moreover, no physician opined that the record was ambiguous or inadequate. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (duty to develop record when ALJ relied on physician who diagnosed depression, found it "difficult to say" whether medical record was complete enough, stated he would "have to see more evidence" before rendering an opinion, and testified a more complete report would change his opinion).

---

[3] Understandably, Del Rio testified that "I get anxious because there's not a lot to do." A.R. 217. He testified that medication helps the anxiety and "the anti-depressant has helped a lot." A.R. 223-224; *Warre v. Commissioner of the Social Security Administration*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citation omitted).

## D. Whether the ALJ Properly Considered Nonexertional Restrictions Based on a Treating Physician's Opinion

Dr. Mitry referred Del Rio to neurologist Antoine Mitri, who examined Del Rio on October 22, 2004. A.R. 152. In his report of that date, Dr. Mitri indicated no problems with headaches or concentration. A.R. 152-154. Dr. Mitri indicated that Del Rio had a normal attention span. A.R. 153.

On August 26, 2005, Dr. Mitri completed a Multiple Impairments Questionnaire. A.R. 133. He indicated that the question about fatigue was not applicable to Del Rio. A.R. 135. Dr. Mitri indicated that Del Rio could sit continuously at work for eight hours in a normal competitive five day a week work environment on a sustained basis. *Id.* He also indicated that Del Rio could stand/walk continuously at work for eight hours. A.R. 135-136.

However, Dr. Mitri stated that Del Rio's condition interferes with his ability to keep the neck in a constant position. A.R. 138. Periodically, Del Rio's symptoms would be severe enough to interfere with attention and concentrating. *Id.* Del Rio was capable of tolerating moderate work stress. A.R. 139. "Vision problem can affect focusing, concentration and may cause headache." *Id.* Dr. Mitri said that Del Rio would need to take unscheduled breaks every 1-2 hours for 10-15 minutes. *Id.* Because Del Rio's impairment is likely to result in "good days" and "bad days", Dr. Mitri estimated that Del Rio would be likely to be absent from work more than three times a month. *Id.*

The ALJ noted Dr. Mitri's limitation that "the visual problem can affect 'focusing, concentration, and may cause headaches.'"[4] A.R. 16. The ALJ further found that Del Rio's testimony was "consistent and credible." A.R. 17. Del Rio testified that he has problems placing objects down, reaching for objects, and

---

[4] The ALJ mistakenly referred to Dr. Mitri as Dr. Jarus. A.R. 16. The ALJ's description of limitations and citation to exhibits leave no doubt that he was referring to Dr. Mitri. *Id.*

7

bumping into things due to his lack of depth perception and peripheral vision. A.R. 215, 217, 220, 229.  Del Rio also testified that he has to be careful when walking on uneven ground because he steps into holes or depressions.  A.R. 215-216, 226.  He gets headaches when he reads, watches TV or drives for more than 15-30 minutes, and takes Advil for the headaches.  A.R. 217, 220-221, 223.

The ALJ's RFC assessment included a limitation that Del Rio "would be incapable of employment requiring depth perception or good vision bilaterally." A.R. 19, 231.  However, the vocational expert testified that she did not take that limitation into account:

> Q: Well, for the jobs that you mentioned as the Judge stated in the hypothetical, this individual has depth perception and peripheral problems in the left eye, such that he bumps into things and misplaces objects.  How would that affect the jobs that you mentioned?
>
> A: Again, there's no functional limitations attached to that.  I mean does he bump into things once an hour, once every ten minutes?  Does he misplace things once a day?  Once a week?  I am, I mean, without the functional limitations counselor, you're asking me to be a Medical Expert, and I can't do that.

A.R. 235.

At Step Five of the sequential analysis, the Commissioner bears the burden of demonstrating that there is other work in significant numbers in the national economy that the claimant can do.  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  "There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.* "Where a claimant suffers only exertional limitations, the ALJ must consult the grids.  Where a claimant suffers only non-exertional

limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115 (citations omitted). Where, as here, the ALJ determined that Del Rio's non-exertional limitations are significant enough to limit further the range of work permitted by his exertional limitations, the ALJ cannot rely on the grids alone but must be assisted by a vocational expert to determine whether Del Rio is disabled. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

      The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). However, "[i]f a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews*, 10 F.3d at 681 (citation and internal quotation marks omitted). The same is true if the vocational expert's testimony expressly does not take into account a limitation contained in the hypothetical. Accordingly, there is no substantial evidence supporting the ALJ's decision.

## IV.

## ORDER

      IT IS HEREBY ORDERED that the Commissioner's decision is reversed in part and the matter is remanded at Step Five for further proceedings consistent with this Opinion.

      IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 20, 2008

                                    ALICIA G. ROSENBERG
                                    United States Magistrate Judge